IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Syed Owais Ahmed; and<br>All Others Similarly Situated<br>    Plaintiffs,<br><br>v.<br><br>Asim Hafeiz<br>    Defendant. | Civil Action<br>File No. 4:19-cv-<br><br>Jury Demanded |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COME PLAINTIFFS, Syed Owais Ahmed ("Mr. Ahmed" or "Plaintiff"), and all others similarly situated, and complain of Defendant Asim Hafeiz ("Mr. Hafeiz" or "Defendant"). For cause of action, Plaintiff Ahmed would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION AND SUMMARY OF SUIT

1. Plaintiff Syed Owais Ahmed and Members of the Plaintiff Class file this collective action suit under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking to recover unpaid overtime wages from Defendant Asim Hafeiz and his gas station and convenience store businesses.

2. Defendant Asim Hafeiz owns, operates and controls several gasoline stations / convenience stores.[1]

3. In violation of the FLSA, Defendant failed to pay Mr. Ahmed and Members of the Plaintiff Class overtime wages. Mr. Ahmed and Members of the Plaintiff Class routinely worked in excess of 40 hours a week for the Defendant and his businesses, yet they did not receive overtime wages as the FLSA requires. *See* 29 U.S.C. § 207(a).

---

[1] *See attached* **Exhibit – A**, a diagram of the companies and businesses Mr. Hafeiz owns, operates and controls.

1

4. The Defendant has a uniform enterprise-wide policy of not paying employees' overtime wages.

5. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, all costs of the action, and post-judgment interest for Defendant's willful failure to pay overtime wages to Mr. Ahmed and to Members of the Plaintiff Class.

## II.
### SUBJECT MATTER JURISDICTION AND VENUE

6. Plaintiff files this suit pursuant to the FLSA, a federal statute. 28 U.S.C. §1331.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

## III.
### PARTIES AND PERSONAL JURISDICTION

8. Plaintiff, **Syed Owais Ahmed**, is a resident of Harris County, Texas. Plaintiff was an employee who worked at Defendant's gas station / convenience store as a clerk.

9. **Members of the "Plaintiff Class"** are current and former non-exempt employees of Defendant who work, or worked, at one or more business establishments (i.e., gas stations and/or convenience stores) owned, operated and/or controlled by Defendant during the relevant period.

10. Defendant, **Asim Hafeiz,** is an individual who may be served with summons and complaint at his residence at 13290 Stonecrest Lane, Conroe, Texas 77302-4730, or at any other address where he may be found. This Defendant has acted, directly or indirectly, in the interest of an employer with respect to the Plaintiff and Members of the Plaintiff Class. Further, this Defendant resides, and is engaged in business, in the State of Texas.

11. Whenever this complaint alleges that the Defendant committed any act or omission, it is meant that such act or omission was not only committed individually by the Defendant, but also by Defendant's officers, directors, vice-principals, agents, servants, or employees, and that at the time such act or omission was committed, it was done with the full authorization, ratification

or approval of the Defendant or was done in the routine and normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, or employees.

## IV.
## FLSA Coverage

12. For purposes of this action, the "relevant period" or "class period" is the time-period commencing on the date that is three years prior to the filing of this action, and continuing thereafter until time of trial and judgment.

13. At all material times, Defendant was an "employer". 29 U.S.C. § 203(d).

14. At all material times, Plaintiff and each Member of the Plaintiff Class was an "employee". 29 U.S.C. § 203(e).

15. At all material times, Defendant, along with his businesses operating gas stations and convenience stores, was an "enterprise". 29 U.S.C. § 203(r) and 29 U.S.C. § 203(s)(1)(A).

16. The Defendant and the gas stations and convenience stores he owns, operates and controls are an integrated enterprise, in that "[s]uperficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer". *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983).

17. At all material times, Defendant and his businesses were an enterprise engaged in commerce or in the production of goods for commerce because they had employees who were engaged in commerce. 29 U.S.C. § 203(s)(1).

18. Furthermore, Defendant and his businesses had, and continue to have, annual gross business volume in excess of the statutory standard.

19. At all material times, Plaintiff and each Member of the Plaintiff Class was an individual employee engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207.

# V.
## COLLECTIVE ACTION ALLEGATIONS

20. Mr. Ahmed seeks conditional certification of this case as a collective action under 29 U.S.C. § 216(b). See also, *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995). The "similarly situated" standard at the initial conditional certification stage is lenient, plaintiff's burden is not heavy, the evidence needed is minimal and the existence of some variations between potential claimants is not determinative of lack of similarity. *Prejean v. O'Brien's Response Mgmt.*, 2013 U.S. Dist. LEXIS 158948 *15.

21. Further, in instances where a motion for conditional certification involves a potential class of employees that worked for separate, but related, employers, courts have reserved consideration of whether the separate employers are joint employers for a final, stage two determination. *Velazquez v. FPS LP*, 2014 U.S. Dist. LEXIS 107073, *16, 2014 WL 3843639 (Hon. Harmon, J.), quoting *McKnight v. D. Houston., Inc.*, 756 F. Supp. 2d 794, 806 (S.D. Tex. 2010) (Hon. Rosenthal, J.).

22. As such, class certification is appropriate for all gas station / convenience store clerks of the Defendant, in that the Defendant controlled and operated the gas station and convenience store businesses where Members of the Plaintiff Class (including Plaintiff Ahmed) were employed during the relevant period.

23. Plaintiff seeks notice to issue to all non-exempt current and former employees of Defendant and his businesses who together were victims of Defendant's widespread and identical violations of the FLSA.

24. Plaintiff worked overtime hours for which he received straight-time pay.

25. Defendant's wide-spread policy and practice violated the FLSA because it fails to pay his employees' overtime hours at the required premium overtime pay rate at time-and-one-half of the employee's base hourly rate. *See* 29 U.S.C. §207(a)(1).

26. By failing to document the overtime pay owed to Mr. Ahmed and to Members of the Plaintiff Class, Defendant also committed repeated and willful violations of the recordkeeping requirements of the FLSA. *See,* 29 U.S.C. §211(c); 29 C.F.R. §516. 29; and C.F.R. §516.27.

27. During the class period, the Defendant owned, controlled and operated the aforementioned businesses, and he set this pay policy shared by all of his businesses.

28. The common policy of paying straight-time wages for overtime hours worked by employees is *prima facie* evidence of "some identifiable facts or legal nexus [that] bind the claims so that hearing the cases together promotes judicial efficiency." *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 801 (S.D. Tex. 2010) (Rosenthal, J.).

29. Members of the Plaintiff Class (including Mr. Ahmed) have been victimized by Defendants' ill-conceived patterns, practices, and policies that violate the FLSA, and Mr. Ahmed's experience was typical of the experiences of Members of the Plaintiff Class as it pertains to unpaid overtime. Further, the specific job titles or job requirements of the members of the Plaintiff Class do not prevent collective treatment because of the aforementioned 'legal nexus' binding these individuals together as a class.

30. Similarly, although the amount of damages may vary among Members of the Plaintiff Class, there is no detraction from the common nucleus of liability facts that render this matter appropriate as a collective action under 29 U.S.C. § 216(b).

31. All current and former non-exempt employees, regardless of job title, job requirements, or rate of pay, to whom the Defendant denied overtime compensation for hours worked in excess of 40 in one or more workweek, are similarly situated to Plaintiff, and are thus appropriate members of the Plaintiff Class.

32. All current and former non-exempt employees employed by gas station / convenience store businesses that the Defendant owned, operated and/or controlled, who at any

time during the three years prior to the date of filing of this action were denied overtime compensation in any given workweek may properly be included as members of the Plaintiff Class.

33. Thus, the class Plaintiff Ahmed seeks to represent is comprised of <u>all store clerks (a) who were paid at a straight-time rate for hours worked in excess of forty in any workweek during the relevant period and (b) who worked or currently work at any gasoline station and/or convenience store owned individually or jointly and/or managed now or in the past by Defendant Asim Hafeiz, or by any legal entity in which Defendant Hafeiz has or had an ownership interest</u>.

34. Individuals who opt into the collective action will be added to the litigation, and copies of their written consents to join a collective action will be filed with the Honorable Court.

## VI.
### FACTS

35. Defendant employed Mr. Ahmed as a store clerk at his gasoline station and convenience store from December 13, 2017, until July 30, 2018.

36. During his employment, Mr. Ahmed worked overtime hours.

37. At the time Mr. Ahmed was hired, Defendant informed him that his pay rate would be $12.00 per hour, and that Plaintiff would not receive any overtime pay.

38. Mr. Ahmed in fact received no overtime pay for the overtime hours he worked on a weekly basis, and he now sues for these unpaid wages.

39. Mr. Ahmed performed duties that included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises.

40. As determined by the Defendant at the outset of Mr. Ahmed's employment, he received no overtime wages despite working well in excess of 40 hours a week.

41. Similarly, all Members of the Plaintiff Class that seek to be a part of this collective action received no overtime wages because Defendant has an enterprise-wide policy of paying straight-time wages for overtime worked.

42. The Defendant controlled Plaintiff Ahmed's terms and conditions of employment, including decisions relating to payment of some but not all wages due (i.e., non-payment of overtime wages), Mr. Ahmed's hourly pay rate, and the number of hours Mr. Ahmed worked during each workweek.

43. The Defendant own(ed), control(led) and/or operate(d) the business establishments where Plaintiff Ahmed and Members of the Plaintiff Class worked, and Defendant had authority over the operations of such businesses.

## VII.
### CAUSE OF ACTION AND DAMAGES SOUGHT

**Violation of the FLSA –
Failure to pay overtime wages to Plaintiff and all others similarly situated**

44. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

45. Defendant's practice of failing to pay Mr. Ahmed time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

46. Plaintiff and Members of the Plaintiff Class are non-exempt employees – that is, these individuals are entitled to receive overtime wages under the FLSA for all hours they have worked in excess of 40 during each seven-day workweek.

47. During their employment with the Defendant, Plaintiff Ahmed and Members of the Plaintiff Class worked overtime hours on a weekly basis at the request of their employer.

48. Defendant informed Plaintiff and Members of the Plaintiff Class that no overtime would be paid despite being required to work overtime hours on a weekly basis.

49. Plaintiff and Members of the Plaintiff Class received no overtime wages resulting from Defendant's policy of paying straight-time for overtime hours worked.

50. Because the Defendant has a enterprise-wide policy and practice of not paying employees' overtime, Defendant and the businesses he controlled committed repeated and willful violations of 29 U.S.C. § 201, *et seq*.

51. As such, Plaintiff and Members of the Plaintiff Class sue for their unpaid overtime wages falling within the three-year period preceding the filing of this civil action, and continuing thereafter until time of jury verdict and judgment.

52. Plaintiff and Members of the Plaintiff Class also seek liquidated damages in amounts equaling the unpaid overtime wages.

53. Further, Plaintiff and Members of the Plaintiff Class seek attorney's fees and costs for bringing this action pursuant to the FLSA. 29 U.S.C. §216(b) states that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

54. Plaintiff and Members of the Plaintiff Class seek post-judgment interest at the highest rate allowed by law, assessed upon all damages, including attorney's fees and costs.

## VIII.
### JURY DEMAND

55. Plaintiff and Members of the Plaintiff Class demand a jury trial.

## IX.
### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff Syed Owais Ahmed and Members of the Plaintiff Class respectfully request that upon final hearing the Honorable Court grant relief against Defendant Asim Hafeiz and his gas station and convenience store businesses, jointly and severally, as follows:

a. Authorize issuance of notice to all of Defendant's similarly situated employees who were employed during the relevant three-year lookback period, informing them of their right to participate in this lawsuit;

b. Declare the Defendant violated 29 U.S.C. § 207 by failing to pay Plaintiff and Members of the Plaintiff Class their overtime pay;

c. Declare the Defendant's violations of the FLSA are willful;

d. Order Defendant to pay unpaid overtime wages and liquidated damages to Plaintiff and to Members of the Plaintiff Class;

e. Order Defendant to pay reasonable attorney's fees and costs under 29 U.S.C. §216(b);

f. Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, assessed against the Defendant; and,

g. Order all further relief, whether legal, equitable or injunctive, as may be necessary to effectuate full relief to Plaintiff and Members of the Plaintiff Class.

Respectfully submitted,

**ALI S. AHMED, P.C.**

By: */s/ Salar Ali Ahmed*
**Salar Ali Ahmed**
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

**Attorney for Plaintiff**
**Syed Owais Ahmed**