IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Syed Owais Ahmed; and<br>All Others Similarly Situated<br>    Plaintiffs,<br><br>v.<br><br>Asim Hafeiz<br>    Defendant. | Civil Action<br>File No. 4:19-cv-02276<br><br>Jury Demanded |

## **PLAINTIFF SYED OWAIS AHMED'S MOTION FOR DEFAULT JUDGMENT**

TO THE HONORABLE KEITH P. ELLISON:

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff Syed Owais Ahmed ("Mr. Ahmed" or "Plaintiff") files his motion for default judgment against Defendant Asim Hafeiz ("Mr. Hafeiz" or "Defendant"). Plaintiff would respectfully show the Honorable Court as follows:

### I.
### INTRODUCTION

1. On June 25, 2019, Mr. Ahmed sued his former employer, Mr. Hafeiz, to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA").[1]

2. Mr. Hafeiz was served with process on July 25, 2019.[2] His answer or other responsive pleading was due on August 15, 2019; however, the Defendant wholly failed to plead or otherwise defend as of August 15, 2019, as Fed. R. Civ. P. 55(a) requires.

3. On August 16, 2019, Plaintiff requested the Clerk of Court to enter Defendant's default pursuant to Fed. R. Civ. P. 55(a).[3]

---

[1] See, Dkt. #1, Plaintiff's Original Complaint.

[2] See Dkt. #8, Plaintiff's private process server Bill Loomis' sworn declaration and executed return of service of summons.

[3] See Dkt. #9, Plaintiff's Request for Entry of Default Pursuant to Fed. R. Civ. P. 55(a).

4.  Plaintiff now seeks a final judgment by default against Defendant Asim Hafeiz pursuant to Fed. R. Civ. P. 55(b)(2).

## II.
### PLAINTIFF'S DAMAGES

*Unpaid Overtime Wages*

5.  The FLSA requires covered employers to pay each covered employee time and a half the employee's regular rate of pay for hours worked in excess of 40 during each workweek (29 U.S.C. §207), and to pay wage rates no less than the federally mandated minimum wage (29 U.S.C. §206). Specifically, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-half times the regular rate at which he is employed. 29 U.S.C. §207(a)(1).

6.  From December 13, 2017, until July 30, 2018, Mr. Ahmed worked as a clerk for Mr. Asim Hafeiz at his Chevron branded gasoline station and convenience store located at 7017 FM 1960, Humble, Texas 77338 ("Chevron").[4] As a clerk, Mr. Ahmed's work duties at Chevron included operating the cash register, assisting customers with gasoline and other purchases from the convenience store, and upkeep and cleaning of the premises. *Id.* At the outset of Plaintiff's employment, Mr. Hafeiz promised to pay him $12.00 per hour. *Id.* Mr. Ahmed worked an average of 80 hours a week during each workweek of his employment at the Chevron. *Id.* Mr. Hafeiz failed to pay Mr. Ahmed $23,760.00 in overtime wages, which he now seeks from the Court. *Id.*

---

[4] **Exhibit – A**, Plaintiff Syed Owais Ahmed's Sworn Declaration.

7. In support, Mr. Ahmed attaches to his sworn declaration a calculation of his unpaid overtime wages. *Id.*

### Liquidated Damages

8. In addition to his unpaid overtime wages of $23,760.00, Mr. Ahmed seeks an additional equal amount in liquidated damages as allowed under the FLSA. Employees routinely seek, and receive, liquidated damages in an amount equaling their unpaid wages on their FLSA claims.

### Controlling Law on Liquidated Damages

9. Section 216(b) of the FLSA provides for liquidated damages as follows:

> **"Any employer who violates the provisions of this title <u>shall be liable</u> to the employee or the employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount of liquidated damages."**

29 U.S.C. § 216(b) (emphasis supplied).

10. The Fifth Circuit Court of Appeals has long recognized that 29 U.S.C. § 260 vests in the district court the power to determine and award liquidated damages. *Lee v. Coahoma County*, 937 F.2d 220, 226-227 (5th Cir. 1991), quoting *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987). Section 216(b) of the FLSA provides that employers found liable for back pay in a §216 suit "shall be liable ... in an additional equal amount as liquidated damages." This language mandates the award of liquidated damages in an amount equal to actual damages following a determination of liability for back pay in a §216 action. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 711, 65 S.Ct. 895, 904, 89 L.Ed. 1296 (1945); *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 581 n. 8, 98 S.Ct. 866, 870 n. 8, 55 L.Ed.2d 40 (1978); *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1411 (5th Cir.1990); *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988).

11. In order to avoid the imposition of liquidated damages, an employer must demonstrate to the Court both good faith and reasonable grounds for believing that it was not violating the Act. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1263 (5th Cir. 1986). "Moreover, this Court has stated plainly that an employer cannot satisfy its dual burden under §260 solely by suggesting that lower-level employees are responsible for the violations, *Brennan v. General Motors Acceptance Corporation*, 482 F.2d 825, 827-28 (5th Cir. 1973), or by professing ignorance of the requirements of the Act. *Barcellona v. Tiffany English Pub Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979). Thus, Chrysler's attempt to thwart liability based on its asserted ignorance of the plaintiff-employees' abuses is legally unavailing." *Id.*, at 1263. The dual and specific findings of good faith and reasonable grounds have been interpreted strictly by the Fifth Circuit. *Id.*, at 1262-63; *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 466-67 (5th Cir. 1979).

12. Furthermore, an employer "faces a 'substantial burden' of demonstrating good faith and a reasonable belief that its actions did not violate" the FLSA. *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003). "An employer found liable under section 206 or section 207 has the 'substantial burden' of proving to the satisfaction of the trial court that its acts giving rise to the suit are both in good faith and reasonable." *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1421 (5th Cir. 1990). *See also LeCompte*, 780 F.2d at 1263 (5th Cir.1986) ("To be relieved of liability for liquidated damages, an employer must demonstrate both good faith and reasonable grounds for believing that it was not violating the Act."); *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979) (to avoid payment of liquidated damages, employer has "substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds" [emphasis supplied]); *see also*, 29 C.F.R. 790.22(b).

13. Although a district court has discretion to review the amount of liquidated damages to be awarded, the court may not exercise its discretionary authority to reduce or eliminate a

liquidated damages award unless the employer first sustains the "substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon . . . reasonable grounds." *Mireles*, 899 F.2d at 1415, quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468 (5th Cir.1979) (emphasis in original); 29 C.F.R. §§ 790.15 and 790.22(c).

14. Indeed, the District Judges in the Southern District of Texas have consistently ruled in favor of awarding plaintiffs liquidated damages in FLSA cases.

15. "Doubling an award is the norm under the FLSA, and the court's discretion 'must be exercised consistently with the strong presumption under the statute in favor of doubling.' *Nero v. Indust. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999) (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998)). 'A district court may not exercise its discretionary authority to reduce or eliminate a liquidated damage award unless the employer sustains the substantial burden of persuading the court by proof that his failure to obey the statute was both in good faith and predicated upon reasonable grounds.' *Reich v. Tiller Helicopter Servs., Inc.* 8 F.3d 1018, 1031 (5th Cir. 1993) (quoting *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990))." *Fleming v. Momenta Grp. LLC*, Civil Action No. H-15-00075, 2016 U.S. Dist. LEXIS 182355, at *3 (S.D. Tex. 2016) (Hon. David Hittner).

16. "On appeal, the Fifth Circuit will only reverse the district court's finding of good faith if that finding is clearly erroneous. *Nero*, 167 F.3d at 928. If it finds that the employer satisfied its burden, the appellate court would then decide if the district court abused its discretion in declining to reduce the damages award. *Id*. Even if the district court finds that the employer acted in good faith and reasonably, the district court still has the discretion to award liquidated damages in any sum up to the amount allowed by § 216(b). *Id*., citing *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 n.8 (5th Cir. 1990). The Fifth Circuit, along with other Courts of Appeals, has emphasized, "Doubling of an award is the norm . . . because a plaintiff is awarded liquidated

5

damages in addition to compensation lost. The district court's discretion to reduce the liquidated damages 'must be exercised consistently with the strong presumption under the statute in favor of doubling.'" *Id.*, quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998), and *Bernard v. IBP, Inc. of Neb.*, 154 F.3d 259, 267 (5th Cir. 1998) ("stating in FLSA case that even if BP acted in good faith, '[g]iven BP's violation of the FLSA, we conclude that the district court did not err in exercising its discretion to award liquidated damages.'"). In accord, *Firth*, 2006 U.S. Dist. LEXIS 18807, 2006 WL 846377, at *1 ("A strong presumption exists in favor of liquidated damages, which effectively results in a doubling of any award of lost wages."); *Thom v. American Standard, Inc.*, 666 F.3d 968, 973 (6th Cir. 2012) ("There is a strong presumption in favor of awarded liquidated damages that are double the amount of any compensatory damages. Thus, '[a]lthough in the final analysis we review a district court's decision on liquidated damages for abuse of discretion, that discretion must be exercised consistently with the strong presumption under the statute in favor of doubling.'") (emphasis in the original) (citation omitted); *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, (8th Cir. 2006) ("The district court should exercise its discretion 'consistently with the strong presumption under the statute in favor of doubling.'"), quoting *Shea v. Galaxie*, 152 F.3d at 733 (7th Cir.)." *Carroll v. Sanderson Farms, Inc.*, No. H-10-3108, 2014 U.S. Dist. LEXIS 16890, at *6-8 (S.D. Tex. 2014) (Hon. Melinda Harmon).

17. "'Doubling of an award is the norm under the FMLA, because a plaintiff is awarded liquidated damages in addition to compensation lost.' *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999). There is a strong presumption under the statute in favor of doubling. *Id.* (quoting *Shea v. Galaxie Lumber & Constr. Co., Ltd.*, 152 F.3d 729, 733 (7th Cir. 1998) (discussing FLSA liquidated damages provision)." *Alexander v. Servisair, LLC*, No. H-12-817, 2013 U.S. Dist. LEXIS 194483, at *19 (S.D. Tex. 2013) (Hon. Vanessa Gilmore).

18. "The employer's burden to demonstrate good faith and a reasonable belief that its actions complied with the FLSA is "substantial." *Singer*, 324 F.3d at 823; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). "Good faith cannot be based on ignorance, but instead 'requires some duty to investigate potential liability under the FLSA.'" *Johnson*, 604 F. Supp. 2d at 926 (quoting *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 468-69 (5th Cir. 1979)). The employer must show that it "had an honest intention to ascertain what the Act requires and to act in accordance with it." Id. (citing *Dybach v. State of Fla. Dept. of Corr.*, 942 F.2d 1562, 1566 (11th Cir. 1991) (internal citations omitted)). Even if the court concludes that the employer acted reasonably and in good faith, there is a "strong presumption . . . in favor of doubling." *Nero v. Industrial Molding Corp.*, 167 F.3d 921, 929 (quoting *Shea v. Galaxie Lumber & Constr. Co.*, 152 F.3d 729, 733 (7th Cir. 1998)). "Doubling of an award is the norm . . . ." *Id*. (discussing the Family and Medical Leave Act, which uses essentially the same damages scheme as the FLSA)." *Riddle v. Tex-Fin, Inc.*, No. H-08-3121, 2011 U.S. Dist. LEXIS 29863, at *10-11 (S.D. Tex. 2011) (Hon. Lee Rosenthal).

19. Here, Mr. Ahmed testifies that at the outset of his employment, Mr. Hafeiz informed him that even though Mr. Ahmed may be working overtime hours, no overtime wages would be paid for those hours.

20. Further, because Defendant Hafeiz has chosen not to take any action in this matter, including an attempt to prove good faith, Plaintiff is entitled to an award of liquidated damages.

*Liquidated Damages are determined by the Court*

21. The question of liquidated damages is appropriate for summary adjudication because it is within the Honorable Court's province as a question of law. In view of the express statutory language included in 29 U.S.C. § 260, it has been held, consistently, that the statute only provides for the award of liquidated damages "by the court." *McClanahan v. Mathews, 440 F.2d*

7

*320* (CA6 Ky 1971) (award of liquidated damages is left to the sound discretion of the court, not the jury); *Hannon v. Continental Nat. Bank*, 427 F.Supp. 215 (DC Col. 1977) (no right to jury trial on issue of liquidated damages).

22. Similarly, the U.S. Court of Appeals for the Fifth Circuit has held that 29 U.S.C. § 260 vests the district court with two levels of discretion relating to a determination of liquidated damages. *Lee v. Coahoma County*, 937 F.2d 220, 226-227 (5th Cir. 1991), quoting *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir. 1987). If the district court finds that the employer's action that violated the FLSA was taken in good faith, which good faith was supported by reasonable grounds for believing that the actions complied with the FLSA, it may choose not to award liquidated damages. *Id*. However, even if the district court determines that the employer's actions were in good faith and based on reasonable grounds, the court has discretion to award liquidated damages. *Id*. The dual and specific findings of *good faith* and *reasonable grounds* have been interpreted strictly by the Fifth Circuit. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262-63 (5th Cir. 1986); *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 466-67 (5th Cir. 1979).

23. Because of Defendant's failure to answer or otherwise defend Plaintiff's claims asserted under the FLSA, and because of Defendant's resulting failure to prove good faith, Plaintiff respectfully seeks an award of liquidated damages as allowed under the FLSA.

24. Mr. Ahmed seeks liquidated damages in the amount of his unpaid overtime wages of $23,760.00.

### *Attorney's Fees*

25. Under the FLSA, the District Court awards reasonable attorney's fees to the prevailing party. A court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant...." *See* 29 U.S.C. § 216(b). Though the attorney's fee provision of the FLSA does not mention "prevailing party," the Fifth Circuit

typically cites prevailing party fee-shifting jurisprudence in FLSA cases. *See, e.g., Tyler v. Union Oil Co. of Calif.*, 304 F.3d 379, 404 (5th Cir. 2002).

26. Multiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work (*See*, *Shipes v. Trinity Industries,* 987 F.2d 311, 319-20 (5th Cir. 1993)), the Fifth Circuit uses the lodestar method to calculate an attorney's fee award under the FLSA. *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).

27. Here, Plaintiff's counsel, Salar Ali Ahmed, has attached his sworn declaration testifying to the amount of time (i.e., 50 hours) expended prosecuting the case, and his reasonable billing rate (i.e., $500.00 per hour).[5] Plaintiff seeks attorney's fees of $25,000.00. *Id.*

### *Costs of Litigation*

28. Plaintiff seeks $525.00 in costs, which includes the cost to file suit in federal district court ($400.00) and the cost to serve process on the Defendant ($125.00). *Id.*

### *Post-Judgment Interest*

29. Plaintiff further seeks post-judgment interest at the prevailing interest rate for federal judgments based on U.S. Treasury securities at 1-year constant maturity. 28 U.S.C. §1961, 40 U.S.C. §258(e)(1). At the time of filing this motion, the post-judgment interest rate was 1.78% per annum (See, https://www.txs.uscourts.gov/page/post-judgment-interest-rates).

### III.
### MILITARY STATUS OF DEFENDANT

30. Plaintiff attaches the Sworn Declaration of Salar Ali Ahmed Regarding Military Service status of Defendant Asim Hafeiz.[6] Mr. Hafeiz is not in the military, and not on active duty in the military. *Id.*

---

[5] **Exhibit – B**, Sworn Declaration of Salar Ali Ahmed.
[6] **Exhibit – C**, Sworn Declaration of Salar Ali Ahmed Regarding Military Service Status of Defendant Asim Hafeiz.

9

## IV.
### PRAYER FOR RELIEF

FOR THESE REASONS, Plaintiff Syed Owais Ahmed respectfully seeks the Honorable Court to enter final judgment in Plaintiff's favor, as follows:

- $23,760.00 for unpaid wages;

- $23,760.00 for liquidated damages;

- $25,000.00 for attorney's fees;

- $525.00 for litigation costs; and,

- Post-judgment interest at the rate of 1.78% per annum on all of these amounts.

Respectfully submitted,

ALI S. AHMED, P.C.

By: /s/ Salar Ali Ahmed
Salar Ali Ahmed
Federal Id. No. 32323
State Bar No. 24000342
One Arena Place
7322 Southwest Frwy., Suite 1920
Houston, Texas 77074
Telephone: (713) 223-1300
Facsimile: (713) 255-0013
aahmedlaw@gmail.com

ATTORNEY FOR PLAINTIFF
SYED OWAIS AHMED