IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Syed Owais Ahmed; and<br>All Others Similarly Situated<br>    Plaintiffs,<br><br>v.<br><br>Asim Hafeiz<br>    Defendant. | Civil Action<br>File No. 4:19-cv-02276<br><br>Jury Demanded |

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT
AGAINST WELLS FARGO BANK, N.A. PURSUANT TO WRIT OF GARNISHMENT**

COMES NOW PLAINTIFF, Syed Owais Ahmed ("Mr. Ahmed" or "Plaintiff"), and pursuant to Texas Rule of Civil Procedure 668 and the Court's Writ of Garnishment as to Wells Fargo Bank, N.A., files his Motion for Entry of Final Judgment Against Wells Fargo Bank, N.A.

Plaintiff would respectfully show the Honorable Court as follows:

I.

1. Plaintiff Syed Owais Ahmed filed suit to recover unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Defendant Asim Hafeiz was served with process on July 25, 2019, and thereafter failed to answer or file any other responsive pleading due on August 15, 2019.[1]

3. On September 10, 2019, the Court entered against Defendant Asim Hafeiz ("Mr. Hafeiz" or "Defendant") a valid and subsisting judgment awarding Mr. Ahmed the sum of $73,045.00, plus post-judgment interest accruing at the rate of 1.72 percent per annum (Dkt. #12).

4. On February 27, 2020, upon application by Plaintiff, the Court issued a Writ of Garnishment against Wells Fargo Bank, N.A. ("Wells Fargo").

---

[1] See Dkt. #8, Plaintiff's private process server Bill Loomis' sworn declaration and executed return of service of summons.

1

5. Now, pursuant to Tex. R. Civ. P. 668, Plaintiff seeks final judgment against Wells Fargo in the amount of $73,198.13, which amount is detailed in Plaintiff's pending Motion for Release of Funds as to Writ of Garnishment Against Wells Fargo Bank, N.A. (Dkt. #19).

II.

6. In aid of garnishment procedures, Texas Rule of Civil Procedure 668 states the following:

> "JUDGMENT WHEN GARNISHEE IS INDEBTED
>
> Should it appear from the answer of the garnishee or should it be otherwise made to appear and be found by the court that the garnishee is indebted to the defendant in any amount, or was so indebted when the writ of garnishment was served, the court shall render judgment for the plaintiff against the garnishee for the amount so admitted or found to be due to the defendant from the garnishee, unless such amount is in excess of the amount of the plaintiff's judgment against the defendant with interest and costs, in which case, judgment shall be rendered against the garnishee for the full amount of the judgment already rendered against the defendant, together with interest and costs of the suit in the original case and also in the garnishment proceedings. If the garnishee fail or refuse to pay such judgment rendered against him, execution shall issue thereon in the same manner and under the same conditions as is or may be provided for the issuance of execution in other cases."

Tex. R. Civ. P. 668.

7. After service of the Writ of Garnishment, Wells Fargo filed its answer on April 20, 2020 (Dkt. #18). In its answer, Wells Fargo states that Mr. Hafeiz has in excess of $200,000.00 in a depository account with Wells Fargo, and further states that it is "holding only $74,545.00 from this account as that is enough to satisfy the remaining unpaid balance for the underlying Judgment and the Bank's attorney fee." *Id.* As such, it is clear from Garnishee Wells Fargo's answer that it is indebted to the Defendant in an amount sufficient to satisfy the Court's Final Judgment entered in Plaintiff's favor on September 10, 2019 (Dkt. #12).

8. "[J]udgment shall be rendered against the garnishee for the full amount of the judgment already rendered against the defendant, together with interest and costs of the suit in the

original case and also in the garnishment proceedings." Tex. R. Civ. P. 668. Thus, Plaintiff now seeks final judgment in the full amount of the judgment already rendered against the Defendant (less $10,000.00 already paid), plus $10,153.13 for post-judgment collection costs and fees as supported by Plaintiff's counsel's sworn declaration attached hereto as **Exhibit – A**.

9. As detailed in Plaintiff's pending Motion for Release of Funds as to Writ of Garnishment Against Wells Fargo Bank, N.A. (Dkt. #19), no impediment exists to prevent entry of the requested Final Judgment, and Defendant's Wells Fargo bank account has sufficient funds to satisfy the Court's judgment in this case.[2]

IV.

FOR THESE REASONS, pursuant to Texas Rule of Civil Procedure 668 and the Court's Writ of Garnishment as to Wells Fargo Bank, N.A., Plaintiff Syed Owais Ahmed respectfully requests that the Court grant his Motion and enter Final Judgment against Wells Fargo Bank, N.A.

Plaintiff attaches a proposed Final Judgment.

---

[2] Plaintiff agrees that Defendant's previous payment of $10,000.00 should be credited against the final judgment entered on September 10, 2019; such payment, however, does not act to vacate or void the balance of the unpaid judgment amount as the accompanying purported 'settlement agreement' is not final or enforceable because it was never approved by the Court as 5th Circuit case law requires (*See,* Dkt. #19). Defendant seeks a $63,000 plus windfall that is highly inconsistent, and downright offensive, to the humanitarian purpose and goals of the FLSA. Further, entry of Final Judgment against Wells Fargo will serve to conserve future resources of this Court, and any additional costs incurred from the continued collection efforts against the Defendant.

Respectfully submitted,

ALI S. AHMED, P.C.

By: /s/ Salar Ali Ahmed
Salar Ali Ahmed
Federal Id. No. 32323
State Bar No. 24000342
430 W. Bell Street
Houston, Texas 77019
Telephone: (713) 898-0982
Facsimile: (713) 255-0013
Email: aahmedlaw@gmail.com

ATTORNEY FOR PLAINTIFF
SYED OWAIS AHMED

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded to the following parties on May 3, 2020, via the ECF e-filing system of the Court:

Mr. James H. Pearson
Pearson & Pearson, L.L.P.
2900 Weslayan, Suite 580
Houston, Texas 77027

(Counsel for Wells Fargo Bank, N.A.)

Mr. Ted A. Cox
Ted A. Cox, P.C.
2855 Mangum Rd., Suite 100
Houston, Texas 77092-7493

(Counsel for Defendant Asim Hafeiz)

*/s/ Salar Ali Ahmed*
**Salar Ali Ahmed**